WAGNER v. SHINSEKI, Case No. 13-7024. Mr. Carpenter, do you want to reserve five minutes for rebuttal? Yes, Your Honor. Okay. All right, you may begin. May it please the Court, Kenneth Carpenter appearing on behalf of Philip Wagner. The Veterans Court in this case, we believe, made three errors. First, in its refusal to enter judgment and mandates on its prior decisions awarding EJIA fees on the original application and on the supplemental application. Second, in not requiring the VA to substantiate its assertion by means of evidence in support. Your argument is that the judgment mandate should have been issued earlier than it was. Because there is now a judgment and mandate that covers both the initial fee and the first supplemental, right? No, Your Honor, I do not believe there is. As I understand the record, both of those fees are still being held up pending the outcome of this litigation. That's because the appeals hold the mandate. I do believe, and your brief concedes, that there was, I get the dates right, there was a final order after June 27, 2012 that wraps up everything. That now wraps up everything. And the question is? And they have to wait the outcome of this appeal before a mandate can issue. That's correct, Your Honor. As you said, it was a Hobson's choice. He chose to appeal and state that mandate. And the question is, Your Honor, whether under the rules below, a mandate should have been issued based upon the separate judgments that have been issued on the original application and on the supplemental fee application because the government did not appeal. At what stage in the game do you think that there was never, until this 2012, there wasn't a judgment entered on the first fee request? Actually, Your Honor, I believe there was. No, there wasn't. There was neither a judgment nor a mandate. As to the first supplemental, there was a judgment and no mandate. You're correct, Your Honor. There was a judgment and no mandate. In fact, that's correct. So at the time you appealed, you had a claim saying they haven't even entered judgment and they haven't entered mandate. The government now argues that they've mooted your judgment claim by entering judgment, but you still don't have the money. That's correct, Your Honor. Because the mandate issue. Let me ask you this. Do we have to construe, in order to get to the question of whether or not they should have issued mandates at earlier points in time, or do we have to construe your appeal, at least in part, as a writ, a petition for a writ of mandamus? Isn't that really what you're asking us to do, is to order the court to take a judicial action? Probably. I'm sorry. I confess I did not think of it from that perspective, and obviously it wasn't briefed in that fashion. Well, the government did brief that that really would be the only vehicle for you to get that portion of the relief. What exact relief do you want on the judgment mandate issue? What do you want us to do? We want this court to interpret both the statute and... Just tell me, what do you want us to say? We want to say that when a judgment, a decision is rendered on the question of the amount of an aegis fee, whether original or supplemental, and the government chooses not to appeal that, that that becomes a final judgment and mandate is required to be issued, and those fees should be paid once the appeal time has expired. And so that in particular, as a technical matter, the Court of Veterans, the Court of Appeals for Veterans Claims, was incorrect in two things. The piece of the June 2012 order that denied the motion for issue of judgment, and in particular, its rationale was incorrect as a matter of law. And second, I think you want to say that this is incorporated in this appeal, that it was incorrect in the one-word denial on February, denied on February 27, 2010, in denying your motion, your January 2010 motion to issue a judgment based on the October 14, 2009 award, reduced award, of fees on the original application.  Okay. I understand, and I think, I don't think there's any dispute about this. The government concedes that the June 2011 judgment covered both the original application and the first supplemental on page three. Yes. Okay. It's not just the original application. No, it's not. It's both. No, it's both. And as Judge O'Malley pointed out, there has been no payment of those fees and will not be a payment of those fees until this matter is resolved. Going forward, however, we believe that that error, as you just described, should be corrected by this court because it is inconsistent with the law. At what point did it become clear, and maybe the government needs to answer this, that the government was not going to challenge the October 2009 award on the original application to get it further reduced by the three hours or something, that it didn't succeed in convincing the Veterans Court to reduce your original application? I think when the 60-day appeal period ran. On day 61, it became evident. The government certainly could have taken an appeal to that decision, and they chose not to. And they could have taken that appeal notwithstanding that you had in the interim, in fact, I guess under the rules, within 20 days, filed your first supplemental application? That's correct. Because they're really independent tracks. One is the determination as to the first application, and there is a separate track that deals with the supplemental application. And the resolution of the supplemental application has nothing to do with the judgment that was granted for the original application. I just want to pursue this a little bit more. I understand what the rationale is for saying that the June 2012 refusal to grant your motion to enter the judgment. I understand what the rationale is for saying that's legally wrong because the Court of Veterans Claims actually stated a rationale. It would impair the government's appeal rights, and you can say that's right or that's wrong. Put that aside and look now back at the February 27, 2010 stamp denied. Stamp denied. That doesn't come with a rationale. No. What rule of law, to which we're limited, did the Veterans Court violate, misinterpret, mostly, I guess, misinterpret in entering that denial back in the February 2010 one? Because I think it's at odds with their own rule as to what happens after they enter judgment. Under their own rule, after the judgment has been entered and the time period has elapsed for an appeal, then a mandate should be entered as to that judgment. Unless the court orders otherwise. Unless the court orders otherwise. And a stamp denied is not an unless the court ordered otherwise. But the June 2012 order has a reason otherwise. They state a reason whatever they meant by it. Yes. So I took it to be where you're really coming from is to say you're reading up the rules that the CAVC has established for entry of judgment, entry of mandate, et cetera. There are time requirements there. Yes. And in each of the both judgment and the mandate provision, there is a provision that says unless the court orders otherwise. And the government is saying we have discretion. The CAVC has discretion to decide whether or not to follow the dates stated in the rules or not. And I would take it that you would say yes, but they don't have unfettered discretion. That would be correct, Your Honor. And that this case is the perfect example of why that unfettered discretion needs to be resolved by an interpretation from this court to determine as to whether or not it's proper to simply hold hostage those judgments based upon the appellant's exercise of his right to appeal when the government chose not to. I like the notion that the CAVC is sort of trying to do things in an orderly way. And so you've got your first fee application comes in, and there's going to be an award, and a supplemental comes in on time. And they say, well, why don't we send the same case? To be sure, it's apples and oranges, but it's like another claim in the same case. It's like a new claim has been added, and it may well increase the size of the judgment. And so Uncle Sam, instead of having to write piecemeal checks, will just adjudicate the whole case. And when the case comes to an end, we'll write the check. I mean, isn't that a rational explanation for why you didn't get a check cut right away after your first victory while your first supplemental was pending? That is a rationale, but it is not a rationale that was articulated in either the court's rules or the court's order. And therefore, we believe that both the statute… If it had been articulated? If it had been, then I think this would be a much more difficult appeal. It would be a nearly impossible appeal if that judgment had been articulated in their rules. But it is not articulated in their rules. Their rules do not make accommodation for that other than the… Do you think their rules could provide that there would be no ultimate payment in each case until the very end? I mean, for example, in this case, if you were to prevail here and you go back down and you ask for some more, you're still not going to get that original $12,000 or $13,000 until the very end of the month. I'm not sure I'm prepared to go that far because that, frankly, seems to me to be inconsistent with the intent of the statute. And frankly, I think it's inconsistent with the Supreme Court's admonition in Hensley that this is not supposed to be a second and or third major litigation. But these have blossomed into that, and it seems to me that lines need to be drawn to limit these very discrete actions into the discrete dispositions that exist. And that if the government chooses not to appeal, then that's the government's decision not to appeal. And that claim is over. And if there is something else that is going on, i.e., a supplemental petition, then that's a separate matter. And we essentially have now a third in sequence since the original. You're into your rebuttal? We'll give you four minutes for rebuttal. Thank you. I didn't get to the other two issues, but I'll submit those on the briefs. Thank you. Thank you, Your Honor. May it please the Court. At this point, the quickest and fairest way to resolve this case and get Mr. Wagner paid is to deny this appeal, let the Veterans Court enter the mandate, and Mr. Wagner will get his payment. The only thing that is holding up a payment at this point is the lack of a mandate, and the only thing holding up a mandate is this appeal. Well, it's interesting you say the fairest way. I mean, really this does seem like a series of punitive acts. It seems like what the Veterans Court is doing is saying you have to stop asking for supplemental fees or you're never going to get the original fees that can't be affected by your supplemental request. We're just to hold the money and, you know, keep you from getting your money, keep you from earning interest, and until you decide to stop, you can't get any more money. And doesn't that seem like completely inconsistent with the whole purpose of the EAJA fee structure is? Your Honor, he is going to get paid all the money that's been awarded in the first two decisions when this case is over. He claims that he's never going to get paid. He will. So suppose we agree with him in part on something here. It goes back, and then he files a third supplemental fee application for fees for this work. Is he going to get paid on the earlier stuff? It depends what you affirm on, Your Honor. If you affirm on the judgment and mandate issue, then that will set the precedent. If you rule that, yes, the Veterans Court should have entered judgment earlier, then obviously he'll get paid on those, and that will set precedent for any payment on these fees. But hypothetically, if we were to rule on the second issue and say, yes, the award was unreasonable, and then they would go back and they'd hold it again, right? Again, it would depend how you were on the first issue since that's before this Court. But if you ruled against him on that issue, that's correct. In other words, at the end of this case, we'll either know whether or not the Court erred in not entering the mandate. The Supreme Court in the Boudinot case talked about whether or not an attorney fee award should be viewed as impacting the finality of the judgment. And it specifically said that if there's nothing that's occurring in that later activity, that later motion, that could impact the awards already made, that that means that original award is final and the judgment should be executed, mandate should issue. How is this not directly inconsistent with that concept? Because any supplemental right to supplemental fees cannot impact at all the original right to fees. Well, Your Honor, that's dealing with the impact on the underlying case. Mandate's already been issued on the underlying case. The veteran's been paid his benefits. All these fee petitions are part of the same claim. In fact, the only reason, and it is a problem that… But that would be true of this case going on forever. Well, it can't go on forever. It can't go on a long, long time. It actually is very limited because it can only go on as long as he at least partially loses below, comes here and wins, and then you keep having the ping pong. So in other words… And that's why this is so rare. This discourages him from pursuing supplemental fees to which he would be entitled because he can't get his money until he's stopped. Your Honor, the fact that an appeal delays the entry or the termination of a case is not placing an undue burden on him. That's just a natural consequence of filing an appeal. And I'd like to point out that if this court were, in fact, to require a mandate to be issued on the prior decision, that could jeopardize… on the initial fee decision, that could jeopardize all his subsequent fee petitions. And the reason for that is because under EJA, he is only allowed… He has to file his fee petition within 30 days of the judgment. That means the judgment on the merits. To get around that, other courts, particularly U.S. First 11 Vehicles and the Third Circuit, have held that, well, the supplemental fee petitions are all supplements or amendments that relate back to the original petition. If this court were to enter a mandate on that first petition alone, that would get rid of the only thing that he's able to relate all his subsequent fee petitions back to. And then any future petitions, or possibly even the pending ones, would be time-barred. Can I ask you, I guess, a question I asked your friend on the other side? The October 14, 2009 ruling on the original application, which gave you almost everything you asked in terms of, but not quite everything, in reducing the request. At what point could you have appealed if you wanted to appeal the Veterans Court's rejection of that small piece that it didn't agree with you on? Sure. And I would like to clarify one thing that was omitted from both of our briefs, is that there actually was a judgment entered on May 14, 2010, which would have covered both the initial fee decision and the first supplement. And that was what triggered Mr. Wagner's right to file the prior appeal of the first initial fee decision. That's also what would have triggered our right to file an appeal of the first decision. Why couldn't you have appealed on October 15, 2009 or something? Because you have to wait for that judgment? I believe so, Your Honor. And you could have appealed the afternoon of January 5, presumably. Before January 6 came in. Is there any explanation for what happened between the 5th and 6th of January? I believe the court, there's no explanation. There's a stamped order denying the judgment, or revoking the judgment. Revoking the judgment. In the June 27, 2012 order, what did the court mean when they said you wouldn't circumvent the Secretary's appellate rights? It is a little confusing because he said his rights. But by that, so it's unclear whether he's referring to the Secretary or Mr. Wagner. But by that, I think he means that he wouldn't, he was, the judge was concerned that if he entered a mandate while there were still pending issues, namely the second and third supplemental fee petitions, that that could limit. Third supplemental? Yes. With his reply brief below, Mr. Wagner filed a third supplemental fee petition, which was granted in the order that's being appealed here. How would that circumvent the Secretary's appeal rights? Well, again, he says his. I'm not sure if he means ours or Mr. Wagner's. But I think he means that regardless of how he ruled on that, that that could limit either our or Mr. Wagner's appeal rights. But how could that have circumvented Wagner's appellate rights when all he was asking for was a mandate on earlier? He wasn't asking for a mandate on what was at stake in that particular appeal. I believe his request was just for a judgment and a mandate, Your Honor. I don't think he, I mean, he did. He was trying to get his original fee, $8,006, and then the other $3,000.  I don't think he specified particular decisions that he wanted a mandate on. And he also asked for a judgment. And at that time, the only judgment that hadn't been issued. I thought it was pretty clear that what he was asking for of the June 27, 2012 court was he wanted a judgment and a mandate, as he said, clearly on the original $8,006 because he never had either one because the judgment was entered on January 5th and pulled out on the 6th. That would make no sense. The only judgment that hadn't been issued at the time he filed that second judgment was. I thought it was clear in his filing that he was, as of the June 27, 2012 order, that he was asking for a judgment and a mandate on the $8,006 and a mandate on the $3,000. Isn't that at $879?  Well, but a judgment had already been issued on that October 14, 2009 decision. So that doesn't make sense. October 4, 2009, when was the judgment entered? On that decision, a judgment had been entered firstly, as I mentioned, on May 14, 2010, and then again on June 10, 2011, when it was remanded. Right, but my point was that as of the time that this language about circumventing the appellate rights comes up, I think the motions that were in front of the court was for a judgment and a mandate on the $8,000, whatever, and the $3,000. He's clearly not asking for a mandate on the $25,000 or whatever that was at stake in that adjudication because there wasn't a judgment yet. Well, again, that's a way to read it, but I think this is very unclear because there were already judgments. It's the only way to read it. Well, then that would mean he was asking for a judgment that had already been issued. Can I ask you, focusing back on the stamp order, February 17, 2010, what legal basis was there for denying entry of judgment and mandate at that time? There was no pending for a supplemental fee petition. Why would that be a basis for denying the motion for issuance of judgment on the original application order, which is what that motion was? It was a motion to enter judgment on the October 14, 2009, order with respect to the original application. Because those are both part of the same case of controversy, and there was more for the court to do besides merely execute the judgment in that particular case. So your view is actually that as long as there is some supplemental, whether it's 1st, 2nd, 3rd, 27th, that is pending, then it is proper to deny entry of judgment on all the previous ones, notwithstanding that they are fully settled. Yes, and it's at least within the non-abusive discretion to do that. And as I mentioned before, that actually helps Mr. Wagner, because if the Veterans Court did issue mandate earlier on that first fee petition, then he would have nothing to relate back his subsequent fee petition. When you talk about discretion, I mean, it's true that there's a lot of case law that says the failure to actually really exercise discretion is in and of itself an abusive discretion. In other words, even if somebody has discretion to do something, they have to explain, they have to explain that discretionary act. They can't just arbitrarily say thumbs up or thumbs down. Yes, and I think the Veterans Court attempted to explain itself in the second judgment motion. Could the Veterans Court decide, you know, we're in a sequestered timeframe, we shouldn't be paying out any money, so we're just going to delay all mandates in every case for 10 years. Would they have the discretion to do that? That would raise, obviously, due process concerns, because at that point, you're starting to impede the ability for them to have a hearing on their case. With respect to your contention that the EAJ application has to be filed within 30 days of the judgment, wouldn't a supplemental application, wouldn't the judgment that gives rise to the right for a supplemental application be the original fee award? Yes, Your Honor, and following up on that issue from Mr. Wagner's reply, it does appear that the only way to read EJA consistently with Veterans Court Rule 39 is to follow the Third Circuit case I mentioned, which recognized that when the EJA says judgment, it's referring to the judgment on the merits. What's the name of that case? It's United States Dressed 11 Vehicles, and I can get you the site. It's 200 F3D 203, and that's at page 209 to 210, Third Circuit, 2000. Okay, that wasn't in your brief, was it? No, Your Honor, and this is a follow-up. Yeah, but this whole argument wasn't in your brief. That's correct. This is following up. You had arguments that appeared to the contrary. You actually said he filed too soon. Correct, and we are responding to his reply brief that he pointed to the Veterans Court Rule, and we're attempting to avoid reading that inconsistently. That's the magic language of a supplemental. You're saying that if your final judgment entered, there'd be nothing to relate back to, so he couldn't have filed a supplemental. But could he have come in and said, I want the extra $3,000? At that time, it would have been untimely under EJA, because it would have been more than 30 days after the judgment on the merits. So he couldn't come back in and file a subsequent fee petition once the original initial application is closed. Or we could disagree with the Third Circuit and say that when you have a supplemental petition, that the merits determination that is relevant to the supplement is the original award of fees, not the underlying merits. Well, then you get back to our argument that under that reading, he would have been premature. Why is the request for the $25,000 for the fees in connection with the appeal a supplemental as opposed to an independent request for fees? The courts have read it as a supplement. First of all, he... Why isn't it a supplement? Why isn't it just an independent request for fees based on the victory here? Again, that would result in it being untimely under EJA. Was it timely filed? The only way it's timely filed, and we believe the Third Circuit is correct, is by relating it back to the initial fee decision. So in essence, each subsequent... So you have 20 days in which to file that, right? The supplemental? Under the Veterans Courts rules, yes. So the $25,000 claim was filed 20 days after what? Within 20 days after what? Rule 39 provides, because that was dealing with attorney's fees on a remand. That provides for 20 days after the mandate issued from this court. But never anywhere did the Veterans Courts say, we're actually doing you a favor, counsel, because we're trying to make sure all of your supplemental fee petitions are timely under EJA. And so that's why we're delaying the mandate. Your Honor, that is a way to read what it's saying when it says, we won't circumvent his appellate rights. If by his, it means Mr. West. I mean, you all didn't even figure that out by the time you filed your briefs here. So how are they supposed to understand that that's what the exercise of discretion was about? Again, I mean, I agree the language could have been clearer, and it would have helped us certainly, but that's one of the ways, that's probably the best way to read what it's saying, the Veterans Courts saying there. And again, since that seems to be the issue this court's concerned with, and I see our time's running out, we'll rely on our briefs for the other two issues. And unless this court has any further questions, I respectfully request that this court affirm the decision of the Veterans Court to the extent it pleases. Let me just ask one question, so it gives Mr. Carpenter a little bit of legs to get back to his argument. Why shouldn't we require the secretary to put in an affidavit when he's challenging various fee entries that Mr. Wagner put forth? Because there's no legal requirement that it do so. In fact, in this case, the evidence that showed that the number of hours billed were unreasonable were the billing records, as this court recognized in Junker, which Mr. Wagner already had submitted. Well, what about Sandoval? Sandoval merely held that... Very much like this case, there was a challenge to the fees, and the secretary argued, well, there's duplication, two people did the same kind of work. In that case... And they said these assertions are mere allegations, unsupported by evidence. That's the key language there, Your Honor. That's the key language there, it was unsupported by evidence. Here, the government's objections are supported by evidence, namely the billing records that Mr. Wagner... That's circular. When you go in and you say, well, the problem with the record that's in front of me, right, is that there's double counting. Well, but I mean, it's more than just the double counting. I mean, some of these hours were rejected. As I understand it, Mr. Carpenter was brought in to argue the first appeal. Correct. Mr. Carpenter's celebrated litigant in front of this court, and so he needed to get up on the case, so he spent some time getting up on the case, and I think the Veterans Court threw Mr. Carpenter's time out on the ground that it was duplicative of the time spent by the less experienced counsel who had looked at the appeal before. Not all of his time, it only... But I mean, just take this particular point. I mean, if there was any time that should have been thrown out, it should have been the original guy's time. The only time they threw out regarding that was the time that they spent familiarizing themselves with the case, and that... Certainly, he's entitled to have more than one lawyer, but he's not entitled to charge the government. But I mean, the time that's relevant for familiarizing himself with the case is for the person who's going to argue the appeal, not somebody else. Well, I mean, they spent similar time, and in any event, this is a factual issue that's for the Veterans Court to decide. But he's framed it as a legal issue. He's framed it by saying, as a matter of law, the secretary shouldn't be able to just come in and say, I think that this amount of time was unnecessarily spent. Well, that's a question of interpretation of the billing records. And what the secretary relied on and what the Veterans Court relied on were those billing records. It considered the government's objections, looked at the billing records, and said that some, but not all, of those objections to ours were correct. Indeed, if the Veterans Court were really relying on our objections, it would have reduced the time by the entire amount that we requested. It didn't do that. It looked at the billing records and said, government, your brief is right here, and your brief is wrong there. And I don't think that it takes an affidavit from a government attorney for the court to determine which of the hours in the billing records are reasonable and which are not, at least not in every single case. And you're advocating, once again, the Third Circuit, the Bell case, right? You're saying that's the type of procedure that we ought to follow here. Well, I think even Bell... The secretary comes in and makes an allegation so long as Mr. Wagner has a chance to rebut it. Fair game. Correct. And I think even Bell may impose too high a standard because the court has an independent obligation to determine whether the fees are reasonable. So it doesn't necessarily... Bell required it to rely on the objections raised by the government and go no further. But I'm not even sure that's correct because the court has its own obligation to make sure the fees are reasonable based on the objections. Thank you, Your Honor. Okay. Mr. Carpenter, we'll give you your full five minutes in rebuttal since we went over. But maybe you won't need it. Well, actually, Your Honor, I was not intending to use it. I believe that the Sandoval case is the view that this court should adopt on the second issue. And unless there's further questions, I'm prepared to submit the matter. Okay. Thank you very much. The case is submitted.